# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE BAUTISTA,<br><br>             Petitioner,<br><br>   v.<br><br>PEOPLE OF CALIFORNIA,<br><br>             Respondent. | Case No. CV 16-07068 PSG (AFM)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2241)** |

      Petitioner, a pretrial detainee who is awaiting criminal trial and being held at the Men's Central Jail in Los Angeles, filed a Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) on September 20, 2016. Petitioner is purporting to challenge the constitutionality of his ongoing criminal prosecution in the Los Angeles County Superior Court.

      According to the Petition, petitioner is being wrongfully prosecuted for attempted murder and has been wrongfully detained in jail for nine months. Petitioner raises the following four grounds for federal habeas relief: (1) his bail amount of $550,000 is excessive; (2) he is being criminally prosecuted because of his race or ethnicity; (3) the elements of the charged crime do not exist, petitioner's statement to police was not properly considered, and witnesses have been

intimidated; and (4) premeditation was not established, the alleged victim falsely reported a crime, and petitioner acted in self-defense.

Under 28 U.S.C. § 2241(c)(3), a district court is empowered to issue a writ of habeas corpus before a judgment is entered in a criminal proceeding. *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003); *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004). However, under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court generally must abstain from a hearing a case that would enjoin or otherwise interfere with ongoing state criminal proceedings. *Younger* abstention is required if the following elements are met: (1) state proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the state proceedings provide the federal litigant an adequate opportunity to raise the federal claims; and (4) the federal proceedings would interfere with the state proceedings in a way that *Younger* disapproves. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148-49 (9th Cir. 2007); *see also Lazarus v. Baca*, 389 F. App'x 700 (9th Cir. 2010).

Each of these elements is met in this case. First, petitioner's state criminal proceeding is ongoing. Second, the state criminal proceedings implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Rose v. Mitchell*, 443 U.S. 545, 585 (1979) (conc. op. of Powell, J.); *Younger*, 401 U.S. at 43-44.

Third, the state proceedings provide petitioner an adequate opportunity to raise his claims. By his own account, petitioner has already raised Grounds One, Three, and Four in a motion to dismiss in the Los Angeles County Superior Court. (ECF No. 1 at 8.) Although petitioner apparently has not yet raised Ground Two (racial discrimination) in the state courts, nothing would prevent him from doing so. *See O'Shea v. Littleton*, 414 U.S. 488, 500-01 (1974) (applying *Younger* abstention to claim of racial discrimination in the administration of the criminal justice system because "if any of the respondents are ever prosecuted and face trial, or they are

illegally sentenced, there are available state and federal procedures which could provide relief from the wrongful conduct alleged").

Fourth, petitioner's habeas petition threatens to interfere with the state criminal proceedings in a manner that *Younger* disapproves. At the outset, the mere fact that petitioner's state criminal proceeding is currently ongoing leaves no doubt that federal habeas relief would interfere directly with that proceeding. *See Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003) (fact that a state proceeding is ongoing would necessarily mean interference by a federal court). More specifically, petitioner's claim in Ground One of excessive bail threatens to insert the federal court into the state criminal proceedings with "the attendant risk that [petitioner], if released on lower bail, may not appear at trial." *See Lazarus*, 389 F. App'x at 701 (citing cases mandating *Younger* abstention to claims of excessive bail during ongoing state criminal proceedings). And each of petitioner's claims in Grounds One to Four would require "nothing less than an ongoing federal audit of state criminal proceedings which would indirectly accomplish the kind of interference that *Younger* . . . and related cases sought to prevent." *See O'Shea*, 414 U.S. at 500.

Finally, a narrow exception to *Younger* abstention exists, but only "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 435 (1982). Petitioner has not clearly alleged a basis for an exception to the application of *Younger* abstention. However, to the extent that petitioner is alleging his ongoing criminal prosecution is unconstitutional — because of racial discrimination, witness intimidation, false reports, or other official

misconduct — this would be insufficient to establish that an exception to *Younger* abstention is warranted, for several reasons.

At the outset, a claim of constitutional error during the ongoing state proceeding, by itself, is insufficient to invoke an exception to *Younger* abstention. *See Baffert*, 332 F.3d at 621 ("[T]he constitutional dimension of the error claimed does not, by itself, constitute an exception to the application of *Younger* abstention."). In any event, petitioner's apparent claim of bad faith or harassment by the prosecutor is belied by attachments to the Petition reflecting that the prosecutor's charging decision was authorized by the state trial court, which held petitioner to answer to a charge of attempted murder. (ECF No. 1 at 11.) Petitioner has suggested no basis to question the propriety of the state trial court's ruling that petitioner be held to answer for attempted murder (other than to question whether an allegation of premeditation was appropriate). *See Hicks v. Miranda*, 422 U.S. 322, 351 (1975) (bad faith and harassment by prosecutors were not shown where they relied on judicial authorization for their conduct, and the propriety of their reliance was not impeached). And even if the state trial court had erred in its finding of probable cause or any other ruling, this still would not establish bad faith or harassment. *See id.*, 422 U.S. 332, 351 (1975) (exception for bad faith or harassment would not necessarily be shown under *Younger* even if it were shown that the state courts were in error on some one or more issues of state or federal law). Nor is it sufficient for petitioner to allege that the circumstances of his state criminal proceeding are exceptionally egregious. *See Kugler v. Helfant*, 421 U.S. 117, 125 (1975) (exception to *Younger* abstention is not established "merely in the sense of presenting a highly unusual factual situation").

In conclusion, *Younger* abstention is required in this case.

///

///

///

**ORDER**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Under Rule 1(b), the district court may apply Rule 4 to a habeas corpus petition not covered by 28 U.S.C. § 2254, such as, in this case, a habeas petition filed under 28 U.S.C. § 2241.

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed without prejudice pursuant to Rule 4. The dismissal of the Petition is without prejudice to petitioner refiling a federal habeas petition in this Court after his pending state criminal proceedings are completed, and after he has exhausted his state court remedies.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 9/28/16

PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

Alexander F. MacKinnon
United States Magistrate Judge